UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


PAUL G. AUCOIN                                    CIVIL ACTION

VERSUS                                            NO: 09-3835

REGIONS FINANCIAL                                 SECTION: "S" (1)
CORPORATION ET AL.


**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that Regions Financial Corporation's Motion to Dismiss (Doc. #9) is **GRANTED** as to plaintiff's state law claims for breach of fiduciary duty, breach of contract, intentional interference with contract, and detrimental reliance, and **DENIED** as to plaintiff's state law claim for fraud.

**IT IS FURTHER ORDERED** that Renaissance Bank Advisors, LLC's Motion to Dismiss (Doc. #11) is **GRANTED** as to plaintiff's state law claims for breach of fiduciary duty, breach of contract, intentional interference with contract, and detrimental reliance, and **DENIED** as to plaintiff's state law claim for fraud.

**IT IS FURTHER ORDERED** that Regions Financial Corporation's Renewed Motion to Dismiss All Claims Raised by Plaintiff (Doc. #23) is **GRANTED** as to plaintiff's state law claims

for breach of fiduciary duty, breach of contract, intentional interference with contract, and detrimental reliance, and **DENIED** as to plaintiff's state law claim for fraud.

**IT IS FURTHER ORDERED** that Renaissance Bank Advisors, LLC's Renewed Motion to Dismiss (Doc. #25) is **GRANTED** as to plaintiff's state law claims for breach of fiduciary duty, breach of contract, intentional interference with contract, and detrimental reliance, and **DENIED** as to plaintiff's state law claim for fraud.

## BACKGROUND

This matter comes before the court on motions to dismiss filed by Regions Financial Corporation ("Regions") and Renaissance Bank Advisors, LLC ("Renaissance"). In their motions to dismiss, Regions and Renaissance argue that plaintiff's state law claims against them should be dismissed, because such claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132 and 1144(a).

Plaintiff, an attorney who is representing himself herein, is retired from the board of Directors for St. James Bank and Trust Company ("St. James Bank"), which has since been acquired by Regions. Plaintiff claims that on March 19, 1998, he entered into an agreement with St. James Bank known as the Director Supplemental Retirement Program, Director Agreement (the "Retirement Program"), whereby St. James Bank agreed to make certain payments to him upon his retirement or reaching age 62. Plaintiff claims that, in 2008, when he reached age 62, he received his first benefit payment and it was for an amount much less than projected in the previous ten years of annual statements. Plaintiff sued Regions and Renaissance in the Twenty-Third Judicial District Court, Parish of St. James, State of Louisiana, alleging that Regions and Renaissance are liable

under Louisiana law for breach of fiduciary duty, breach of contract, fraud, and intentional interference with contract. Plaintiff seeks $879,667 as a lump sum for his retirement benefits. Regions removed the matter to this court on the basis of diversity and federal question jurisdiction, asserting that plaintiff's claims fall under ERISA, 29 U.S.C. §1144(a). Plaintiff subsequently filed an amended complaint in which he asserts a claim for detrimental reliance against Regions and Renaissance.

Regions and Renaissance each filed two motions to dismiss pursuant to Rule 12(b)(6), arguing that plaintiff's claims against them are all state law claims that are preempted by ERISA, and that plaintiff states no cause of action under ERISA. Plaintiff opposes the motions arguing that ERISA does not apply, because he was not a St. James Bank employee, and nobody participated in the Retirement Program as a St. James Bank employee. Further, plaintiff contends that the Retirement Program at issue was not a "top-hat" plan, because the participants were not in management or were highly compensated employees, and because the Retirement Program was not unfunded; rather the benefits of Retirement Program were paid by St. James Bank. Alternatively, plaintiff argues that even if the court finds that the Retirement Program was a "top-hat" plan, defendants are not exempt from the reporting disclosure, administration, and enforcement provision as set forth in 29 U.S.C. §1021.

## ANALYSIS

**1.     Legal Standard**

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim

3

for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965.

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Id. at 498-99 (internal citations omitted). The Retirement Plan that is attached to Region's motion to dismiss is referenced in plaintiff's petition, and is central to his claims.

**2.  Motions to Dismiss**

  **A.  ERISA's Application**

A threshold issue is whether the Retirement Program is covered by ERISA. Regions and Renaissance argue that the Retirement Program is covered by ERISA, because plaintiff qualifies as a "common-law employee" of St. James Bank, the Retirement Program covers at least one St. James Bank employee, and, by its very terms, the Retirement Program states that it is an ERISA plan. Plaintiff contends that the Retirement Program is not covered by ERISA, arguing that he was not an employee of St. James Bank, and that the only participant who was a St. James Bank employee participated in the Retirement Program as a director, not an employee.

4

ERISA applies to any employee benefit plan if it is established or maintained by an employer, or an employee organization, engaged in commerce or any industry or activity affecting commerce. 29 U.S.C. §1003(a). ERISA regulates pension plans and welfare plans. Mem'l Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 240 (5th Cir. 1990). This case involves a pension plan. ERISA defines pension plans as:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program –
>
>     (i) provides retirement income to employees, or
>
>     (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond.

29 U.S.C. §1002(2)(A).

It undisputed that St. James Bank is an employer engaged in an industry that directly affects commerce. It is also undisputed that the Retirement Program is a plan, fund, or program, which provides for retirement income. However, it is disputed whether plaintiff was an "employee" of St. James Bank, or whether an employee participated in the Retirement Program.

ERISA defines an employee as "any individual employed by an employer." 29 U.S.C. §1002(6). The Supreme Court has stated that ERISA's definition of an employee "is completely circular and explains nothing." Nationwide Mut. Ins. Co. v. Darden, 112 S.Ct. 1344, 1348 (1992). As a result, the Supreme Court adopted a common-law test for determining who qualifies as an ERISA "employee." Id. To determine whether a hired employee is an employee under the general common law of agency, a court must consider:

5

> the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provisions of employee benefits; and the tax treatment of the hired party.

Id. (citing Cmty. for Creative Non-Violence v. Reid, 109 S.Ct. 2166, 2178-79 (1989)).

Plaintiff's petition and the Retirement Program both identify plaintiff as a member of St. James Bank's Board of Directors. Neither document provides further explanation of plaintiff's rights and responsibilities as a director that would allow the court to evaluate whether plaintiff meets the "common law employee" test. Further, the members of a Louisiana bank's initial board of directors are named in the articles accepted by the commissioner, and subsequent directors are elected by the stockholders or, under special circumstances, elected by the other directors. LA. REV. STAT. ANN. §§6:281(A)-(B); 6:282(C)(3). Pursuant to Louisiana banking law, directors of a bank are not "hired" *per se*, thus the "common law employee" test may not apply.

However, it is immaterial whether plaintiff was a St. James Bank "employee." Sharon Kell signed the Retirement Plan as the president and chief executive officer of St. James Bank, and is also listed therein as a participant. In Williams v. Wright, 927 F.2d 1540, 1545 (11th Cir. 1991), after considering ERISA's legislative history, applicable provisions in the Code of Federal Regulations, and opinion letters issued by the Department of Labor, the Eleventh Circuit Court of Appeals found that a plan covering only a single employee is covered by ERISA when all other requirements are

met. Because Ms. Kell was a St. James Bank employee, the Retirement Program may be an ERISA plan.

An ERISA plan is established "if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." Mem'l Hosp. Sys., 904 F.2d at 240 (quoting Donovan v. Dillingham, 688 F.2d 1367, 1373 (11th Cir. 1982) (*en banc*)). Further, 29 U.S.C. §1002(2)(A) defines pension plans in light of the "surrounding circumstances."

The Retirement Program states that it is intended to provide supplemental retirement benefits for the directors and details how such benefits are calculated. Also, the Retirement Program explains that its beneficiaries are the directors and their designated death beneficiaries. The Retirement Program states that it is funded by income from the life insurance contracts on the lives of the participating directors, and contains a provision regarding restrictions on its funding. Finally, the plan states that it is to be considered a non-qualified benefit plan for purposes of ERISA, and sets out the procedures for obtaining benefits in a section titled "ERISA Provision." Therefore, the "surrounding circumstances" show that the Retirement Program meets the test for an ERISA plan. Moreover, the fact that the Retirement Program specifically mentions ERISA twice demonstrates that the parties intended to create an ERISA plan. Therefore, the court finds that the Retirement Program of St. James Bank is an ERISA plan.

### B.    ERISA Preemption

Section 514(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. §1144(a). The Supreme Court

has repeatedly emphasized the broad interpretation of the "relate to" standard, and stated that its purpose is to establish the regulation of pension plans as an exclusively federal concern. See Metropolitan Life Ins. Co. v. Massachusetts, 105 S.Ct. 2380, 2388 (1985); see also Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1218 (5th Cir. 1992) (internal citations omitted). Further, the Fifth Circuit Court of Appeals has stated that it is "well-established that the 'deliberately expansive' language of [Section 415(a)] . . . is a signal that it is to be construed extremely broadly." Reliable Home Health Care v. Union Cent. Ins. Co., 295 F.3d 505, 515 (5th Cir. 2002).

"[P]reempted state law includes any state law cause of action as it relates to an employee benefit plan, even if it arises under a general law which in and of itself has no connection to employee benefit plans." Christopher, 950 F.2d at 1218-19. State law claims for fraud, civil conspiracy, breach of contract, interference with contract rights, negligence, gross negligence, and negligent misrepresentation have all been held to be preempted by ERISA. See id.; see also Lee v. E.I. DuPont de Nemours & Co., 894 F.2d 755 (5th Cir. 1990). A state law claim "relates to" an employee benefit plan when it has a "connection with or reference to such plan." Shaw v. Delta Air Lines, Inc., 103 S.Ct. 2890, 2900 (1983); Hubbard v. Blue Cross & Blue Shield Ass'n, 42 F.3d 942, 945 (5th Cir. 1995). ERISA preempts state law claims if the state law claim (1) addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and, (2) directly affects the relationship between traditional ERISA entities, i.e. the employer, the plan and its fiduciaries, and the participants and beneficiaries. Reliable Home Health Care, 295 F.3d at 515 (citing Hubbard, 42 F.3d at 945).

Plaintiff's state law claims for breach of fiduciary duty, breach of contract, intentional interference with contract, and detrimental reliance are preempted by ERISA. These claims relate to plaintiff's right to receive retirement benefits under and ERISA plan. The regulation of an ERISA plan is an exclusive federal concern. See Christopher, 950 F.2d at 1218 (internal citations omitted). Further, plaintiff's claims directly affect the relationship between him, a participant; Regions, the successor to the employer; and Renaissance, the plan administrator; all of which are traditional ERISA entities.

However, plaintiff's state law claim for fraud is not preempted by ERISA. In Smith v. Texas Children's Hospital, 84 F.3d 152, 155 (5th Cir. 1996), the plaintiff alleged that she was induced by Texas Children's alleged misrepresentations to leave her old employer, and relinquish her accrued disability benefits. Smith sued Texas Children's for fraudulent inducement when she was denied benefits due to a pre-existing condition. The United States Court of Appeals for the Fifth Circuit held that the plaintiff's state law fraudulent inducement claim was not preempted, because that claim was not dependant upon her rights under the ERISA plan. Id.

Plaintiff argues that the claims set forth in paragraph XVII of his petition are analogous to Smith's fraudulent inducement claims, and are not necessarily dependent upon his rights under the ERISA plan. Paragraph XVII of the petition provides that:

> the inducements by Regions which caused original participants in the Original Plan to abandon the [O]riginal Plan and join Regions' new Plan was an intentional interference of Petitioner's contract with Benmark under the Original Plan and has damaged him by reduced retirement benefits representing a loss in excess of $500,000.00.

9

In paragraph XVII and others in the petition, plaintiff alleges that Regions committed fraud by inducing him and other plan participants to leave the original plan, which reduced his retirement benefits. Such a claim does not necessarily implicate plaintiff's rights under the ERISA plan, and plaintiff's fraud claim is not preempted.[1]

## CONCLUSION

**IT IS HEREBY ORDERED** that Regions Financial Corporation's Motion to Dismiss (Doc. #9) is **GRANTED** as to plaintiff's state law claims for breach of fiduciary duty, breach of contract, intentional interference with contract, and detrimental reliance, and **DENIED** as to plaintiff's state law claim for fraud.

**IT IS FURTHER ORDERED** that Renaissance Bank Advisors, LLC's Motion to Dismiss (Doc. #11) is **GRANTED** as to plaintiff's state law claims for breach of fiduciary duty, breach of contract, intentional interference with contract, and detrimental reliance, and **DENIED** as to plaintiff's state law claim for fraud.

**IT IS FURTHER ORDERED** that Regions Financial Corporation's Renewed Motion to Dismiss All Claims Raised by Plaintiff (Doc. #23) is **GRANTED** as to plaintiff's state law claims for breach of fiduciary duty, breach of contract, intentional interference with contract, and detrimental reliance, and **DENIED** as to plaintiff's state law claim for fraud.

---

[1] The court notes that there is much discussion in the parties' memoranda as to whether the Retirement Program is an ERISA "top-hat" plan. Because plaintiff has stated only state law claims that are preempted by ERISA, it is unnecessary to determine whether the Retirement Program is an ERISA "top-hat" plan.

**IT IS FURTHER ORDERED** that Renaissance Bank Advisors, LLC's Renewed Motion to Dismiss (Doc. #25) is **GRANTED** as to plaintiff's state law claims for breach of fiduciary duty, breach of contract, intentional interference with contract, and detrimental reliance, and **DENIED** as to plaintiff's state law claim for fraud.

New Orleans, Louisiana, this __21st__ day of January, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**