UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL G. AUCOIN | CIVIL ACTION |
| VERSUS | NO: 09-3835 |
| REGIONS FINANCIAL CORPORATION, ET AL. | SECTION: "S" (1) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Renaissance Bank Advisors, LLC's Motion for Summary Judgment (Doc. #217) is **GRANTED**, and plaintiff's ERISA claim against it is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's ERISA claim against Regions Financial Corporation is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's fraudulent inducement claim against Regions Financial Corporation is **DISMISSED WITH PREJUDICE**.

### BACKGROUND

This matter is before the court on a motion for summary judgment filed by Renaissance.[1] Renaissance argues that it is entitled to summary judgment on plaintiff's ERISA claim because plaintiff was not entitled to a lump sum payment under the plan.

Plaintiff, Paul G. Aucoin, an attorney who is representing himself herein, is retired from the board of Directors for St. James Bank and Trust Company ("St. James Bank"), which has since been acquired by defendant Regions. Aucoin claims that on March 19, 1998, he entered into an

---

[1] Renaissance and Regions both filed motions in limine to exclude the testimony and report of plaintiff's expert accountant, Susan Brown (Docs. #213 and 215), arguing that the court is confined to the administrative record when reviewing plaintiff's ERISA claim, of which Brown's testimony and report are not part. It is unnecessary to address those motions because this court finds that summary judgment is appropriate on plaintiff's ERISA claims.

agreement with St. James Bank, the Director Supplemental Retirement Program, Director Agreement (the "Retirement Program"), whereby St. James Bank agreed to make certain payments to him upon his retirement or reaching age 62. The Retirement Program's benefits are generated from the annual income of life insurance policies that the bank maintains on each of the plan participants. Over the years, Aucoin received plan statements, generated by Renaissance's predecessor, Benmark, that projected the amounts of retirement benefits he would receive in future years. At the bottom of the statements there was a disclaimer that said: "*This estimate of benefits is based on current assumptions and is for information purposes only. It is not a guarantee. Your actual benefits will be paid in accordance with the terms of your benefit contract with Regions Bank*." (emphasis in original).

Aucoin alleges that, in 2008, when he reached age 62, he received his first benefit payment in an amount much less than projected in the annual statements for the previous ten years. Also in 2008, as a result of 26 U.S.C. § 409A, which increased tax penalties for early withdrawals on deferred compensation plans, Regions offered to pay Aucoin a one time lump sum of $229,032 in lieu of his annual payments. Aucoin disagreed with the amount offered, claiming that it should have been $522,473, as shown in a projection provided to him more than ten years before the 2008 one-time lump sum offer. Aucoin responded to Regions that he would accept $229,032, if he could retain his right to litigate that the lump sum should have been $522,473. Regions refused Aucoin's proposal.

Aucoin contends that the annual projection statements should be read as representations as to his future benefits. Aucoin sued Regions and Renaissance in the Twenty-Third Judicial District

Court, Parish of St. James, State of Louisiana, alleging that Regions and Renaissance are liable under Louisiana law for breach of fiduciary duty, breach of contract, fraud, and intentional interference with a contract. He seeks a lump sum of $522,473. Regions removed the matter to the United States District Court for the Eastern District of Louisiana on the basis of diversity and federal question subject matter jurisdiction, asserting that Aucoin's claims fall under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.

Regions and Renaissance each filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the claims in Aucoin's complaint and first amended complaint are all state law claims that are preempted by ERISA, and that Aucoin states no cause of action under ERISA against Regions and Renaissance. The court found that all of Aucoin's state law claims against Regions and Renaissance, except his claim for fraud, were preempted by ERISA.

Aucoin then filed a second amended complaint in which he asserted claims under ERISA. Specifically, Aucoin alleged that Regions and Renaissance failed to comply with ERISA's reporting requirements, 29 U.S.C. §§ 1021-31, and fiduciary duty requirements, 29 U.S.C. §§ 1101-14.

Regions and Renaissance filed motions to dismiss the second amended complaint, arguing that Aucoin's ERISA claims for benefits should be dismissed for failure to exhaust administrative remedies, and that his ERISA claims for breach of fiduciary duty and failure to comply with reporting requirements should be dismissed because the Retirement Program is a "top-hat" plan that is exempt from ERISA's fiduciary duty and reporting requirements. Also, Renaissance argued that Aucoin's state law fraud claim against it should be dismissed because it is not pleaded with particularity. Aucoin filed a motion for summary judgment arguing that there is no genuine issue of material fact that the annual statements he received were accurate and that he was not paid

retirement benefits in accordance with those statements, or if the statements were inaccurate, he was prejudiced and is entitled the amounts set forth in those statements.

The court granted Regions' and Renaissance's motions to dismiss based on Aucoin's failure to exhaust his administrative remedies without prejudice to his filing an administrative claim under ERISA, and deferred ruling on the remaining issues pending the outcome of the administrative process. The case was stayed and administratively closed to allow Aucoin to pursue the administrative process with Regions.

Aucoin filed an administrative claim with Regions regarding the amount of his benefits. Aucoin claimed that his benefits should be what they were projected to be in the statements he received over the years. On February 8, 2011, Regions denied Aucoin's claim, finding that the statements upon which Aucoin relied were estimates, not guarantees, of benefits. Further, Regions found that Aucoin is being paid in accordance with the Retirement Program.

On March 4, 2011, Aucoin filed a motion to reopen this case. The court granted the motion and set the deferred motions for hearing on April 20, 2011, without oral argument. Regions and Renaissance then filed motions for partial summary judgment arguing that Aucoin's ERISA claims for benefits should be dismissed because Aucoin cannot prove that the Benefits Administration Committee abused its discretion in denying Aucoin's claim for additional benefits.

On May 17, 2011, this court deferred ruling on the motions and remanded the matter to the plan administrator for a complete analysis of the formula it used to calculate Aucoin's retirement benefits and to provide certain exhibits that were considered by the committee (Doc. #142). On November 16, 2011, Regions filed documents complying with this court's order (Doc. #152). The

documents provided calculations for Aucoin's retirement benefits. After reviewing the documents and the parties' pleadings, the court ordered the plan administrator to provide:

> (1) The calculations used to reach the estimate that Aucoin's lump sum payment in 2008 was $522,473;
>
> (2) The calculations used to calculate the $229,032 lump sum payment offered to Aucoin in 2008;
>
> (3) The calculations that demonstrate what Aucoin's payments for 2008, 2009, 2010, and 2011 would have been if the plan still included the original 11 participants;
>
> (4) Explanations as to how and why each number is used in all calculations that the plan administrator has provided to the court; and
>
> (5) An explanation as to why Aucoin's *pro rata* share was reduced from 40% to 33 1/3% in the revised calculations.

(Doc. #156).

On May 23, 2012, Regions filed into the record a letter from the Benefits Administration Committee in response to this court's above referenced inquiries (Doc. #157). The committee explained that the difference between the hypothetical projected lump sum payment of $522,473 for 2008 shown in a statement ten years prior to 2008, and the actual lump sum offer of $229,032 in 2008 was the result of different discount rates being applied to account for the lack of certainty reflected in the earlier hypothetical projection. They also explained that it is hard to estimate Aucoin's benefits if the plan included 11 participants due to the number of variables involved, but that a reasonable estimation shows that his benefits would likely be lower than they actually are if there were more plan participants. The committee also explained that the correct number for calculating Aucoin's benefit index is 33.3% based on the plan definition because the Aucoin's premium, $500,000, divided by the total premiums, $1,500,000, is 33.3%. Finally, the committee

explained that predictions of benefits for 2008 that were made 10 years prior were higher than the lump sum offer in 2008 because of market changes, Aucoin's life expectancy, and the interest rate used to discount the future payments.

Thereafter, Aucoin filed a report of Susan E. Brown, CPA/CFF, CFE in which she analyzes the committee's May 23, 2012, response (Doc. #164). She opines that the committee's reconstruction of its calculations of Aucoin's benefits may contain incorrect assumptions, and questions why Aucoin's annual payments have been higher than predicted in 2008.

On August 15, 2012, this court ordered that Brown submit any questions she had regarding the committee's calculations to Christopher Glaub, the Chairman of the Regions Benefits Administration Committee, that he answer the questions in writing, and that they meet to discuss the questions and answers (Doc. #165). Then, the court held a status conference at which Brown and Glaub were present. After the status conference, the court ordered the defendants to provide Aucoin with the calculations underlying Aucoin's annual statements for 2008, 2009 and 2010; a statement for the pre-retirement calculations for 2007, and a supplemental mortality table (Doc. #173). On November 19, 2012, defendants informed the court that they complied with the order (Doc. #175).

Thereafter, the court ruled on the previously-deferred motions (Doc. #181). The court granted Regions and Renaissances's motions to dismiss Aucoin's claims for breach of fiduciary duty and reporting requirements under ERISA (Docs. #65, 66), finding that the Retirement Program was a "top hat" plan that is exempt from those requirements. The court also granted Renaissance's motion to dismiss Aucoin's state law fraud claim (Doc. #66), finding that it was not pleaded with particularity. The court denied Regions', Renaissance's and Aucoin's motions for summary judgment (Docs. #107, 109, 73) finding that Brown had remaining questions about the plan administrator's

calculations and interpretations, which along with the plan administrator's reluctance to provide information created genuine issues of material fact that precluded summary judgment. Aucoin's remaining claims are an ERISA claim for benefits under 29 U.S.C. § 1132(a)(1)(B) against Regions and Renaissance and a state law fraud claim against Regions.

Thereafter, the parties engaged in discovery. Brown was deposed, and at her deposition she admitted that Aucoin has been paid benefits in compliance with the terms of the Retirement Plan, that no provision of the Retirement Plan entitles Aucoin to a lump sum payment, that she did not make alterative calculations regarding Aucoin's benefits under the Retirement Plan because the plan administrator's calculations were a close approximation of the original projections, and she concluded that the plan administrator's calculations were correct.

Renaissance also moved for summary judgment arguing that Brown's and Aucoin's testimony establish that there is no genuine issue of fact that Aucoin has been paid in accordance with the terms of the Retirement Plan. It also argues that it is not a plan administrator that can be liable under ERISA.

## ANALYSIS

**A.    Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The

7

non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.      Aucoin's Section 1132(a)(1)(B) Claims**

As stated above, § 1132(a)(1)(B) permits an ERISA plan participant to file a civil action  "to recover benefits due to him under the terms of his plan."  "The Supreme Court has interpreted this statutory provision narrowly, stating that it does not permit the recovery of extracontractual damages." Hamann v. Independence Blue Cross, 543 Fed. Appx. 355, 357 (5th Cir. 2013) (citing Mass. Mut. Lif. Ins. Co. v. Russell, 105 S.Ct. 3085, 3091 (1985)).

The Retirement Plan provides for retirement benefits to be paid in installments:

> **II. INDEX BENEFITS**
>
> > A.  Retirement Benefits:
> >
> > Those directors who remain on the Board of the Bank until the "Normal Retirement Date" defined in subparagraph I (C), shall be entitled to receive the balance of their Pre-Retirement Account in ten (10) equal annual installments commencing thirty days following the Director's retirement.  In addition to these payments, the Index Retirement Benefit (as defined in subparagraph I, (F) above) for each Plan Year shall be paid to the Director until his death.

Aucoin signed the Retirement Plan as the Chairman of the Board. There is no provision in the Retirement Plan for a lump sum payment.  Aucoin does not contest that he has been receiving benefits in accordance with the terms of the Retirement Plan.  His entire claim revolves around an

offer Regions made for a lump sum payment in 2008, which is not part of the Retirement Plan, but instead was a one-time offer based on a special tax provision that year. Aucoin stated in his deposition that he is "not disagreeing with the plan not providing for the lump sum," but he thinks that if "a lump sum is provided to any members of the plan, you have to provide it to every member of the plan" and, "it has to be an accurate lump sum." Thus, Aucoin is advocating for an alteration to the Retirement Plan contract to require a lump sum payment to him.

Under Louisiana law, "[a] contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." LA. CIV. CODE art. 1906. "A contract is formed by the consent of the parties established through offer and acceptance." Id. at 1927. A valid contract is confected only when both parties thereto have agreed to its terms. J. Caldarera & Co., Inc. v. La. Stadium Dist., 750 So.2d 284, 288 (La. Ct. App. 1999). The party asserting a contract has the burden of proving the existence of the contract. Id.

In his deposition, Aucoin testified that he accepted Regions' offer of a lump sum, but disagreed with the amount. He characterized it as "an offer for acceptance and then acceptance of the amount." According to Aucoin, he accepted the lump sum offer, contingent on his right to litigate the amount. In the pretrial order, the parties list as an uncontested material fact that:

> [i]n 2008, Regions offered plaintiff 'transition relief under Section 409(A)' of the Internal Revenue Code of 1986, which consisted of a lump-sum payment in the amount of $229,032. Plaintiff indicated the desire to receive a lump-sum payment but disputed the calculation of his lump-sum payment and did not accept the lump sum offer.

It is clear from Aucoin's deposition and the pretrial order, that Aucoin and Regions never entered into a valid contract to amend the Retirement Plan regarding a lump sum payment to Aucoin. Aucoin admits that he disagreed with the amount of the lump sum offer, which was one of Regions'

9

terms of the proposed contract. Therefore, the Retirement Plan was never modified as Aucoin contends. Because Aucoin has received benefits in accordance with the Retirement Plan, he cannot maintain a claim under § 1132(a)(1)(B), which specifically limits civil actions to claims to recover benefits, enforce rights, or clarify rights to future benefits *under the terms of the plan*. 29 U.S.C. § 1132(a)(1)(B) (emphasis added). Aucoin's claim regarding a lump sum falls outside the contract and thus is not cognizable under § 1132(a)(1)(B). Hamann, 543 Fed. Appx. at 357. Therefore, Renaissance's motion for summary judgment is GRANTED, and Aucoin's § 1132(a)(1)(B) claim against Renaissance is DISMISSED WITH PREJUDICE.

Aucoin's claim against Regions for a lump sum payment of his retirement benefits under § 1132(a)(1)(B) is identical to his § 1132(a)(1)(B) claim against Renaissance in that it is premised on the notion that Aucoin and Regions entered into a valid contract to modify the Retirement Plan and provide for a lump sum payment. As stated above, Aucoin and Regions never confected a valid contract modification because of disagreement about the amount of the lump sum, which was a term of Regions' offer. Aucoin had the opportunity to address this argument in responding to Renaissance's motion for summary judgement. Thus, Aucoin's § 1132(a)(1)(B) claim against Regions is ripe for judgment in Regions' favor, and that claim is DISMISSED WITH PREJUDICE. See Fed. R. Civ. P. 56(f).

**C.     Aucoin's Fraudulent Inducement Claim Against Regions**

Aucoin has a claim for fraudulent inducement remaining against Regions which is defined in the pretrial order as "a claim that Regions committed fraud by inducing Plaintiff and other participants to leave Plan, which Plaintiff claims resulted in the reduction of his benefits."

Regions has twice moved to dismiss this claim (Docs. #9, 23), which the court declined to do at that time. At this juncture, Aucoin has had the full opportunity to develop this claim, and the court finds that dismissal is appropriate due to Aucoin's admitted lack of evidence to support it.

Aucoin contends that Regions' fraudulently induced him and other participants to leave Retirement Plan, which Aucoin claims resulted in the reduction of his benefits. Aucoin's proposed expert accountant, Susan Brown, testified at her deposition that Regions' payments to Aucoin under the Retirement Plan for the years 2008, 2009, 2010, 2011, 2012 and 2013 "were fairly close to the original projections by Regions" and, that "once you total up the payments, the actual payments by Regions for that period of time, at least through 2012, and now, I believe, '13, with what the initial projection was, there wasn't an enormous discrepancy or a material discrepancy." Therefore, she did not make alternative calculations for the benefits due under the terms of the Retirement Plan for those years. Also, Aucoin testified at his deposition that "there is no actual legal dispute" regarding the amounts he has received under the terms of the Retirement Plan.

The deposition testimony establishes that Aucoin has no evidence to demonstrate that anyone's leaving the Retirement Plan resulted in a reduction of his benefits under the terms of the plan. Thus, his claim for fraudulent inducement against Regions is DISMISSED WITH PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that Renaissance Bank Advisors, LLC's Motion for Summary Judgment (Doc. #217) is **GRANTED**, and plaintiff's ERISA claim against it is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's ERISA claim against Regions Financial Corporation is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's fraudulent inducement claim against Regions Financial Corporation is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  3rd  day of June, 2014.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**